UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

RICHARD A. MARRA,

                    Plaintiff,

v.                                              1:11-CV-0400 (GTS/DRH)

GEORGE B. HUGHES, M.D.; GEORGE B. HUGHES,
M.D. FAMILY MEDICINE, PLLC; SCHENECTADY
FAMILY HEALTH SERVS., INC.;  ELLIS HOSPIT.;
and ARETA PIDWERBETSKY, M.D.,

                    Defendants.
_____

APPEARANCES:                                   OF COUNSEL:

DAVIDSON FINK, LLP                        PAUL D. KELLY, ESQ.
  Counsel for Plaintiff
28 East Main Street, Suite 1700
Rochester, NY 14614

BURKE SCOLAMIERO MORTATI & HURD, LLP     PETER M. SCOLAMIERO, ESQ.
  Counsel for George B. Hughes, M.D. and
  George B. Hughes, M.D. Family Medicine, PLLC
P.O. Box 15085
9 Washington Square, Suite 201
Albany, NY 12203-5085

HON. RICHARD S. HARTUNIAN            DIANE CAGINO, ESQ.
  United States Attorney for the N.D.N.Y.     Assistant United States Attorney
  Counsel for Schenectady Family Health Servs., Inc.
218 James T. Foley U.S. Courthouse
Albany, NY 12207-2924

THORN GERSHON TYMANN & BONANNI, LLP    PAUL D. JURELLER, ESQ.
  Counsel for Ellis Hospital
5 Wembley Court, New Karner Road
P.O. Box 15054
Albany, NY 12212-5054

CARTER, CONBOY, CASE, BLACKMORE,        EDWARD D. LAIRD , JR., ESQ.
MALONEY & LAIRD, P.C.
  Counsel for Areta Pidwerbetsky, M.D.
20 Corporate Woods Boulevard
Albany, NY 12211

HON. GLENN T. SUDDABY, United States District Judge

## <u>MEMORANDUM-DECISION and ORDER</u>

Currently before the Court in this personal injury action filed by Richard A. Marra ("Plaintiff") are the following two motions filed by Schenectady Family Health Services, Inc. ("Defendant Schenectady"): (1) a motion to substitute the United States of America ("United States") for Defendant Schenectady as a defendant in this action, pursuant to the Federal Tort Claims Act, 28 U.S.C. §§ 2671, *et seq.*; and (2) a motion to dismiss Plaintiff's claims against the United States for lack of subject-matter jurisdiction, pursuant to Fed. R. Civ. P. 12(h)(3).  (Dkt. No. 3.)  For the reasons set forth below, Defendant Schenectady's motion to substitute is granted.  Moreover, Defendant Schenectady's motion to dismiss is granted to the extent that it requests the dismissal of Plaintiff's claims against the United States *without prejudice*; otherwise that motion is denied.  Finally, the remaining claims in this action–i.e., Plaintiff's claims against Defendants George B. Hughes, M.D., George B. Hughes, M.D. Family Medicine, PLLC, Ellis Hospital, and Areta Pidwerbetsky, M.D.–are remanded to state court.

## I.   RELEVANT BACKGROUND

### A.   Plaintiff's Claims

Generally, liberally construed, Plaintiff's Complaint alleges as follows.

Between approximately December 21, 2005, and June 11, 2008, George B. Hughes, M.D., George B. Hughes, M.D. Family Medicine, PLLC, and Schenectady Family Health

Services, Inc., provided Plaintiff with "continuous general and primary medical care, treatment, advice and services." (Dkt. No. 1, Attach. 2, at ¶ 7.) "By reason of [the] negligence, carelessness, wrongdoing, culpable conduct and/or malpractice" of George B. Hughes, M.D., George B. Hughes, M.D. Family Medicine, PLLC, and Schenectady Family Health Services, Inc., Plaintiff "suffered serious and permanent injuries and disability, including pain and suffering." (*Id.* at ¶ 8.) More specifically, on June 12, 2008, Plaintiff "acutely became paraplegic[, and was] diagnosed that day with spinal cord compression, T10-T11, osteomyelitis, disoitis, epidural abscess, and paravertebral abscess." (*Id.* at ¶ 9.)

In addition, between April 23, 2008, and "at least" June 6, 2008, Plaintiff sought and was provided with "radiologic and physical therapy care, treatment, advice and services at Ellis [Hospital]." (*Id.* at ¶ 19.) "By reason of [the] negligence, carelessness, wrongdoing, culpable conduct and/or malpractice" of Ellis Hospital, "its agents, servants, employees, physicians, including [Areta] Pidwerbetsky, physical therapists and other healthcare professionals, [Plaintiff] suffered serious and permanent injuries and disability, including pain and suffering." (*Id.* at ¶ 20.) More specifically, on June 12, 2008, Plaintiff "acutely became paraplegic[, and was] diagnosed that day with spinal cord compression, T10-T11, osteomyelitis, disoitis, epidural abscess, and paravertebral abscess." (*Id.* at ¶ 21.)

Familiarity with the remaining allegations giving rise to Plaintiff's claims are assumed in this Decision and Order, which is intended primarily for the review of the parties.

**B.    Two Motions filed by Defendant Schenectady**

Generally, in support of its motion for substitution, Defendant Schenectady argues as follows: (1) Defendant Schenectady is a grantee of the U.S. Department of Health and Human

3

Services, and as such, is eligible for malpractice coverage under the Federal Tort Claims Act; (2) based on the allegations in the Complaint, this action is properly brought under the provisions of the Federal Tort Claims Act; and (3) the United States has certified that, at all times alleged in the Complaint, Defendant Schenectady was acting within the scope of its employment as an employee of the United States.  (*See generally* Dkt. No. 3, Attach. 1 [Def.  Schenectady's Memo. of Law].)

In addition, in support of its motion to dismiss for lack of subject-matter jurisdiction, Defendant Schenectady argues that Plaintiff failed to file an administrative claim under 28 U.S.C. 2675(a) before commencing this action, which is a jurisdictional requirement.  (*Id.*)

In lieu of filing a response, Plaintiff's counsel filed a letter-motion, in which he stated that "Plaintiff will not file a written response to Defendant [Schenectady's] motion, and does not oppose the Court granting said Defendant the relief requested."  (Dkt. No. 5.)  Plaintiff's counsel further indicated that, "[p]rior to the commencement of this action, Plaintiff was not aware that Schenectady Family Health Services, Inc. is a federally funded health clinic."  (*Id.*)  Plaintiff's counsel also acknowledged that, "before commencing his claims against Schenectady Family Health Services, Inc. pursuant to the Federal Tort Claims Act[,]" Plaintiff must exhaust his administrative remedies.  (*Id.*)

## II.   ANALYSIS

As an initial matter, the Attorney General's office has certified that Schenectady Family was acting within the scope of its employment at the time of the incident out of which the claim arose.  (Dkt. No. 3.)  As a result, substitution is mandatory, and therefore the United States shall be substituted for Defendant Schenectady.  *See Celestine v. Mount Vernon Neighborhood Health*

*Center*, 289 F. Supp.2d 392, 398 (S.D.N.Y. 2003) (quoting 28 U.S.C. § 2679[d][2]) ("Once the Attorney General or the Attorney General's designee has certified 'that the defendant employee was acting within the scope of his office or employment at the time of the incident out of which the claim arose, any civil action . . . shall be deemed an action . . . against the United States . . . and the United State shall be substituted as the party defendant.'").

Furthermore, because Plaintiff concedes that he failed to exhaust his administrative remedies before commencing this action against the United States, the Court lacks subject-matter jurisdiction to consider Plaintiff's claims against the United States.  *See Furman v. U.S. Postal Service*, 349 F. Supp.2d 553, 557 (E.D.N.Y. 2004) ("Compliance with Section 2675 'is strictly construed.' Without this administrative exhaustion, courts lack subject matter jurisdiction over the claim."); *Deutsch v. Federal Bureau of Prisons*, 737 F. Supp. 261, 266 (S.D.N.Y. 1990) ("[T]he filing of an administrative claim is considered a jurisdictional prerequisite to maintaining an action under the FTCA which cannot be waived."); *see also McNeil v. United States*, 508 U.S. 106, 112 (1993) (holding that an FTCA action may not be maintained where claimant failed to exhaust his administrative remedies prior to filing suit, even though claimant sought to exhaust his administrative remedies after filing).  Because the Court has determined that it lacks subject-matter jurisdiction over Plaintiff's claims against the United States, these claims are dismissed without prejudice, pursuant to Fed. R. Civ. P. 12(h)(3).

Finally, having dismissed Plaintiff's claims against the United States (which were the only claims over which the Court had original jurisdiction), the Court declines to exercise supplemental jurisdiction over Plaintiff's claims against the remaining Defendants.  *See* 28 U.S.C. § 1367(c) ("The district courts may decline to exercise supplemental jurisdiction over a

claim [so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution] if . . . the district court has dismissed all claims over which it has original jurisdiction.").[1]  In doing so, the Court remands Plaintiff's state law claims because remanding "promote[s] the comity interest that informs the doctrine of supplemental jurisdiction," this case is in its infancy, state court was the forum of Plaintiff's choice, and Plaintiff's counsel was unaware of the federal character of Schenectady Defendant, i.e., "there is no specter . . . of any bad faith effort to 'manipulate the forum' in a manner that counsels against a remand."  *De Hernandez v. Lutheran Med. Ctr.*, 01-CV-6730, 2002 WL 31102638, at *2 (E.D.N.Y. Sept. 11, 2002).

      **ACCORDINGLY**, it is

      **ORDERED** that Defendant Schenectady Family Health Services, Inc.'s motion to substitute the United States for itself as a defendant in this action (Dkt. No. 3) is **<u>GRANTED</u>**; and it is further

      **ORDERED** that the Clerk shall substitute the United States for Defendant Schenectady Family Health Services, Inc., as a defendant in this action; and it is further

      **ORDERED** that Defendant Schenectady Family Health Services, Inc.'s  motion to dismiss Plaintiff's claims against the United States for lack of subject-matter jurisdiction (Dkt.

---

[1]    *See also Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 357 (1988) (holding, later codified in Section 1367(c)(3), that a district court has discretion to remand to state court a properly removed case involving supplemental claims "upon a proper determination that retaining jurisdiction over the case would be inappropriate"); *Parker v. Della Rocco*, 252 F.3d 663, 666 (2d Cir. 2001) (noting that, where one defendant invoked a statute making claims against it removable and plaintiff later voluntarily dismissed the claim against that defendant, which was the only jurisdiction-conferring claim, the district court still had the "power" under 28 U.S.C. § 1367 to exercise supplemental jurisdiction over the other claims).

No. 3) is **<u>GRANTED</u>** to the extent that the motion requests the dismissal of those claims *without prejudice*; otherwise that motion is **<u>DENIED</u>**; and it is further

ORDERED that Plaintiff's claims against the United States are **<u>DISMISSED</u> without prejudice** for lack of subject-matter jurisdiction; and it is further

ORDERED that the remaining claims in this action–i.e., Plaintiff's claims against Defendants George B. Hughes, M.D., George B. Hughes, M.D. Family Medicine, PLLC, Ellis Hospital, and Areta Pidwerbetsky, M.D.–are **<u>REMANDED</u>** to state court.  The clerk is directed to forward a copy of the Decision & Order to the Clerk for the Schenectady County Supreme Court.

Dated: July 21, 2011
      Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge

7